# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                              )
In Re: DOUGLAS WARDRICK,      )
                              )
       Petitioner,           )
                              )
                              )    Civil Action No. 18-2623 (ABJ)
                              )
_____)

## MEMORANDUM OPINION

Petitioner Douglas Wardrick is a D.C. Code offender appearing *pro se*. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that he is entitled to a sentence reduction in light of the holding in *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551, 2563 (2015). For the reasons that follow, the petition will be dismissed for want of jurisdiction.

## BACKGROUND

A D.C. Superior Court jury convicted petitioner in 2010 of two counts of second-degree burglary and one count each of malicious destruction of property, possession of implements of crime, and assault with a dangerous weapon (vehicle). *See* Gov't's Opp'n to Pet'r's Pet. for Writ of Habeas Corpus at 1-2 [Dkt. # 7]; Pet. at 2 [Dkt. # 1]; *Wardrick v. United States*, No. 15-CO-1004 (D.C. Mar. 23, 2017) (per curiam) [Dkt. # 1-1]. Judge Anthony C. Epstein sentenced petitioner to a total of 312 months' incarceration. *Id*. Petitioner's convictions were affirmed by summary disposition on March 20, 2012. *See Wardrick v. United States*, 40 A.3d 18 (D.C. Mar. 20, 2012) (Table). After overcoming hurdles under the habeas successive rule, *see* Gov't's Opp'n at 2-3, petitioner was allowed to proceed in this Court under § 2254, and the government was ordered to show cause why the writ of habeas corpus should not issue. *See* Nov. 26, 2018 Order [Dkt. # 2] (citing *In re: Douglas Wardick*, No. 17-3028 (D.C. Cir. July 31, 2018)). The government

filed an opposition to the petition [Dkt. # 8], and petitioner filed a reply [Dkt. # 9].

## LEGAL STANDARD

"The allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But unlike prisoners challenging state or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").

D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

*Id*. § 23-110(a). It also states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained . . . by any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. § 23-110(g). Section 23-110 has been described as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence," *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998), and it has been the vehicle for D.C. prisoners to collaterally attack their sentences since passage of the Court Reform Act in 1970, *Byrd*, 119 F.3d at 36-37.

## ANALYSIS

The government argues that D.C. Code § 23-110(g) bars federal court review of petitioner's claim. Opp'n at 4-5. The Court agrees. The Court of Appeals has interpreted § 23-110(g) as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (explaining that "§ 23-110(g) is not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve") (parenthesis in original)).

As indicated above, petitioner relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[.]" 28 U.S.C. § 2254(e)(2)(A)(i). In *Johnson*, the Supreme Court considered the sentence enhancement provisions of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B); determined that the definition of "violent felony" for enhancement purposes was unconstitutionally vague; and held "that imposing an increased sentence under the residual clause of the . . . Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Court subsequently held that "the rule announced in *Johnson* is

3

substantive," and it applied *Johnson* retroactively "in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265, 1268 (2016).

Any claim petitioner may have in light of *Johnson* goes to the constitutionality of his sentence, which is redressable under D.C. Code § 23-110(a). It does not appear that petitioner has pursued his local remedy, nor has he shown that remedy to be inadequate or ineffective. So, the Court has no choice but to dismiss the instant petition for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: October 16, 2019